IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**I. CAPTION**

KOURTNEY GALLOWAY,
Plaintiff,

v.

AMMONI KHAMILLE ISBY,
15 MorningView Lane
Mantachie, Mississippi 38855,
Defendant.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 2 6 2026
ARTHUR JOHNSTON
BY _____ DEPUTY

3:26cv469-HTW-LGI

**II. COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF RESTRICTIVE COVENANTS, UNFAIR COMPETITION, AND RELATED CLAIMS**

Plaintiff Kourtney Galloway ("Plaintiff"), for her Complaint against Defendant Ammoni Khamille Isby ("Defendant"), states as follows:

**III. JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and under applicable state law governing contracts, unfair competition, and related claims.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
3. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.
4. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and/or a substantial part of the events giving rise to this action occurred in this District.

**IV. PARTIES**

5. Plaintiff Kourtney Galloway is an individual and/or operates through Revamped Creative, a creative agency engaged in producing and managing original visual content and branding services.

6. Defendant Ammoni Khamille Isby is an individual residing at 15 MorningView Lane, Mantachie, Mississippi 38855.

7. Defendant was previously employed by and/or affiliated with Plaintiff and had access to confidential business information, creative assets, and proprietary materials.

## V. FACTUAL ALLEGATIONS

### A. Employment Relationship and Restrictive Covenants

8. Defendant entered into an employment and/or contractor relationship with Plaintiff and executed agreements including confidentiality obligations and restrictive covenants, including a non-compete and/or non-solicitation provision.

9. Through this relationship, Defendant gained access to Plaintiff's proprietary creative materials, business operations, and client-facing content.

10. Defendant's access included copyrighted works, branding materials, and confidential business methods.

11. On or about August 7, 2025, Defendant's relationship with Plaintiff was terminated.

12. Upon termination, Defendant's authorization to use Plaintiff's materials and access confidential information immediately ceased.

### B. Copyright Infringement

13. Plaintiff owns and/or controls exclusive rights in original photographic works created for use in Plaintiff's creative agency.

14. Defendant retained and used Plaintiff's copyrighted works after termination without authorization.

15. Plaintiff demanded removal of all infringing content on or about August 8, 2025.

16. Defendant initially removed the content but later reposted and continued unauthorized use.

17. Defendant's conduct includes repeated reproduction, display, and distribution of Plaintiff's copyrighted works on social media platforms.

### C. Breach of Restrictive Covenants and Unfair Competition

18. Following termination, Defendant began forming and/or operating a competing business entity known as "Solace LLC."
19. Upon information and belief, Solace LLC offers services that are the same as or substantially similar to those offered by Plaintiff's business, Revamped Creative.
20. Defendant's actions constitute breach of restrictive covenants, including non-compete and/or non-solicitation obligations, and misuse of confidential business information.
21. Defendant's conduct further constitutes unfair competition and an attempt to improperly leverage Plaintiff's goodwill, creative assets, and market position.

---

## VI. CLAIMS FOR RELIEF

## COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

22. Plaintiff realleges Paragraphs 1–21.
23. Defendant copied, displayed, and distributed Plaintiff's copyrighted works without authorization.
24. Defendant's conduct constitutes copyright infringement under federal law.

---

## COUNT II – WILLFUL COPYRIGHT INFRINGEMENT

25. Defendant continued infringing activity after receiving repeated notice to cease and desist.
26. Defendant's conduct was knowing, intentional, and willful.
27. Plaintiff is entitled to enhanced statutory damages under 17 U.S.C. § 504(c)(2).

---

## COUNT III – BREACH OF CONTRACT (RESTRICTIVE COVENANTS)

28. Defendant entered into valid contractual agreements containing confidentiality and restrictive covenant provisions.
29. Defendant breached those agreements by using Plaintiff's protected materials and engaging in competitive conduct contrary to the terms of the agreement.

---

## COUNT IV – UNFAIR COMPETITION / MISAPPROPRIATION

30. Defendant has used Plaintiff's confidential information, creative assets, and business goodwill to compete directly against Plaintiff.

31. Defendant's creation and/or operation of Solace LLC constitutes unfair competition and misappropriation of Plaintiff's business value.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Permanent injunction prohibiting further use of Plaintiff's copyrighted works and confidential materials;
B. Injunctive relief preventing continued misuse of Plaintiff's business assets and goodwill;
C. Statutory and/or actual damages under 17 U.S.C. § 504;
D. Disgorgement of profits;
E. Damages for breach of contract and unfair competition;
F. Costs and attorney's fees;
G. Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, *K. Galloway*

KOURTNEY GALLOWAY, Plaintiff

kourtneyy.galloway@gmail.com
3529 Jo Ann Dr
Jackson MS 39213
769-289-8692